Van Voorhis, J. (dissenting).
If it were negligent of defendant Lewis to have had a parking place on a slope, it was equally negligent of Mrs. Diglio to have parked her car on the same slope. It is inconsistent to exonerate her and to hold him. In my view, as matter of law, neither was negligent. A child might have released the emergency brake when the car was parked on any incline, whether less or more than 4%, and the release of the brake by the child was the unforeseeable proximate cause of the accident. The circumstance that this was a 12% grade is irrelevant to the accident. It is speculative to assume that the accident would not have occurred if the grade had been less. In my view it would not accord with common practice to rule that parking a car on any grade, or maintaining a parking area on a grade, is evidence of negligence and creates a question of fact for a jury in case of any accident of this nature.
If this were a city street, or town highway, without a curb, it could hardly be held to be negligence of the municipality to maintain parking areas on such a street slope or of a motorist to park on them.
Order affirmed.